David R. Shane, Esq., SBN 109890
Robert J. Taitz, Esq., SBN 168334
SHANE & TAITZ
1000 Drakes Landing Road, Suite 200
Greenbrae, CA 94904
Telephone:   415-464-2020
Facsimile:    415-464-2024

Attorneys for Plaintiff TYISHA PAULK
(erroneously named herein as "TAYASHA" PAULK)

Andrew J. Jaramillo, Esq., SBN 198303
andrew.jaramillo@ogletreedeakins.com
Christian A. Hickersberger, Esq., SBN 260873
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:   714-800-7929
Facsimile:    714-754-1298

Elizabeth A. Falcone, Esq., SBN 219084 (licensed in CA only)
elizabeth.falcone@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone:   503-552-2166
Facsimile:    503-224-4518

Attorneys for Defendant HOME DEPOT U.S.A., INC., TROY GARCIA, and CHARLES BUCKLEY (erroneously named as CHARLES "BUCKLY")

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYASHA PAULK,<br><br>         Plaintiff,<br><br>    vs.<br><br>HOME DEPOT USA, INC., TROY GARCIA, CHARLES BUCKLY and DOES 1 THROUGH 10, inclusive,<br><br>         Defendant. | Case No.: C10-03745 SBA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date:                 June 2, 2011<br>Compl. Filed:    May 6, 2010<br>Removal Date: August 23, 2010<br>Judge:               Hon. Saundra Brown Armstrong<br>Trial:                 February 27, 2012 |

1

STIPULATED PROTECTIVE ORDER

Case No. C10-03745 SBA

1  **IT IS HEREBY STIPULATED** by and between Plaintiff Tyisha Paulk (erroneously
2  named as "Tayasha" Paulk, hereinafter referred to as "Paulk") and Defendants Home Depot
3  U.S.A., Inc. ("Home Depot"), Charles Buckley and Troy Garcia (collectively, "Defendants")
4  through their respective attorneys of record, that a Protective Order be entered by this Court as
5  follows:

6  This Stipulation and Protective Order shall be applicable to and shall apply to the
7  production and exchange of all document requests and documents, interrogatories and answers to
8  interrogatories, depositions, request for admissions, and responses to requests for admissions,
9  exhibits, and pleadings and all other information exchanged and furnished in this Action by the
10 Parties that the parties customarily treat as confidential, proprietary, and/or a trade secret as
11 defined by California Civil Code Section 3426.1.

12 **1.    SCOPE**

13      (a)    The parties acknowledge that discovery may require disclosure of information
14 that is private and personal or confidential and proprietary, specifically personnel records,
15 personnel policies, employment offers, competitive analyses, income statements, employee,
16 client, or customer personal information (including, but not limited to medical, age, and contact
17 information), medical records, and financial records and statements, along with other trade secret
18 information as defined in California Civil Code Section 3426.1.  As a result, the parties agree to
19 enter into a Protective Order on the following terms to ensure the continuing confidentiality of
20 such information.  The parties further acknowledge that this Order does not confer blanket
21 protections on all disclosures or responses to discovery and that the protection it affords extends
22 only to the limited information or items that are entitled under the applicable legal principles to
23 treatment as confidential.

24      (b)    This Protective Order shall limit the use or disclosure of documents, deposition
25 testimony, and related information which are or which embody or disclose any information
26 falling with the scope of Section (1)(a) and designated hereunder as "Confidential," and shall
27 apply to:

28      (i)    All such documents, including those produced by third parties, designated as

"Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

  (ii) Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

  (iii) All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

  (iv) Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

 (c) Any person designating documents, testimony, or other information as "Confidential" hereunder asserts that he or she believes in good faith that such material is Confidential Information which falls within the scope of Section (1)(a) and is not otherwise available to the public generally. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**2. DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

 (a) Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s). Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential." The parties shall make every effort to designate as "Confidential" only those documents that they reasonably believe constitute personnel records, personnel policies, employment offers, competitive analyses, income statements, employee, client or customer personal information, medical records, financial records and statements, and trade secret information as defined in California Civil Code Section 3426.1. The failure to designate documents as "Confidential" at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time up to 30 days before the

actual trial date in this action, designate any documents or information produced as "Confidential" that have not as yet been so designated. Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party, but only if the entire document is produced in a bound or otherwise intact manner.

(b)     Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order: the parties and their attorneys and staff, the court reporter, videographer, the deponent, and the deponent's attorney. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons are in attendance who are not entitled by this Protective Order to have access to such information. The parties may instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential." Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c)     Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation. Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time

1 he, she, or it first received it in connection with this matter.

2     (d)     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by designating documents produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, subsection 2(c) above.

### 3. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a)     No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein. In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b)     Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

(i)     The parties;

(ii)     Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)     Home Depot's or its subsidiaries' or affiliates' in-house counsel;

(iv)     Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v)     The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

(vi)     Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the

Confidential Information prior to the intended disclosure in this action; and

  (vii) Any other potential witnesses whose testimony may be used in connection with the present case who has complied with section 3(c) immediately below.

 (c) Before any person described in paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at deposition or at trial and represents that he or she previously executed an Acknowledgment, it shall be produced for inspection by opposing counsel upon request. Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

 (d) Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

 (e) The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in paragraphs 3(b)(i)-(vii) above.

 **4. FILING DOCUMENTS UNDER SEAL**

 (a) If a Party wishes to submit a document to the Court which the other Party has designated as Confidential or which contains Confidential Information, and which has not been successfully challenged under Section 5 below, the submitting Party shall notify the designating Party of the exact material which the Party intends to submit to the Court at least 35 days prior to the date on wish the Party intends to make the submission, so as to provide the designating Party sufficient time to determine whether it needs to bring an Administrative Motion, under Local Rule 7-11, requesting that the material be filed under seal. Any such motion must comply with

1   the procedures set forth in Local Rule 79-5 and must also comply with Federal Rule of Civil
2   Procedure 26(c)(1). The Administrative Motion and proposed order shall be presented to the
3   Court along with the document, or portions of the document, intended to be submitted for filing
4   under seal. Both the copy lodged with the Clerk and the Court's copy of the document shall be
5   sealed in a separate envelope with cover sheet setting out the information required by Local
6   Rule 3-4 (a) and (b), and prominently displaying the notation "DOCUMENT SUBMITTED
7   UNDER SEAL."
8       If only a portion of the document is sealable, the both the copy lodged with the Clerk and
9   the judge's copy shall have the sealable portions identified by notation or highlighting of the text.
10  The material to be placed under seal, shall not be electronically filed but shall be filed manually
11  in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be
12  electronically filed, identifying all materials being manually filed.
13      (b)   Any party requesting that a record be filed under seal must comply with Local
14  Rule 79-5. The Parties agree and recognize that Confidential Information or any paper
15  containing Confidential Information cannot be filed under seal based solely upon this stipulated
16  Protective Order.
17      **5.   CHALLENGE TO CONFIDENTIALITY DESIGNATION**
18      Any party that wishes to challenge the designation of a document or other information as
19  "Confidential" must identify the documents or information for which it is challenging the
20  designation within 30 days after their production. The designating party may, for good cause
21  shown, bring a motion before the Court requesting that the Court confirm the designation of any
22  document or information as "Confidential." The party asserting the designation as
23  "Confidential" shall have the burden of establishing good cause for the designation. However,
24  the Court shall be authorized to award the moving party attorneys' fees as a sanction if the
25  challenge to the "Confidential" designation was made in bad faith or was frivolous. The
26  interested parties or other persons shall attempt to resolve such disagreements before submitting
27  them to the Court pursuant to Local Rule 37-1. Pending resolution of any dispute concerning
28  such designation, all parties and persons governed by this Protective Order shall treat all

documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

### 6. SURVIVAL OF ORDER - RETURN OF DOCUMENTS

(a) The provisions of this Order shall continue in effect until otherwise ordered by the Court, or after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations under this stipulation and Order. The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made.

(b) Except as provided in paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

### 7. USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked Confidential hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial.

### 8. USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party, person or entity of his,

her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

### 9. APPLICATIONS TO COURT

(a) This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b) Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c) The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the responding person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d) If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in

paragraph 3(c) above, or an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

**10.   AGREEMENT TO COOPERATE**

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

**11.   NO ADMISSIONS**

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

**12.   NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY**

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised

as to the admissibility at trial of any evidentiary materials.

### 13. DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the opposing party and the designating party of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure.

### 14. MODIFICATION - FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from the Court modification of this Stipulated Protective Order upon proper notice, nor shall anything contained herein be construed as to preclude the parties from entering into other written agreements designed to protect Confidential Information.

### 15. COUNTERPARTS

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

DATED: ~~May~~ of June 1, 2011    By: *Elizabeth A. Falcone*
Elizabeth A. Falcone

Attorneys for HOME DEPOT U.S.A., INC., TROY GARCIA, and CHARLES BUCKLEY (erroneously sued as CHARLES "BUCKLY")

SHANE & TAITZ

DATED: May 30, 2011    By: _____
David R. Shane

Attorney for Plaintiff TYISHA PAULK (erroneously named herein as "TAYASHA" PAULK)

11                                    Case No. 10-04282
STIPULATED PROTECTIVE ORDER

## [PROPOSED] O R D E R

**GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT** the provisions of the concurrently-filed stipulation between the parties regarding the use and protection of Confidential Information (the "Stipulated Protective Order") shall be entered as the Order of the Court and be binding upon the parties. The Court further orders that, consistent with Section 4 of the parties' Stipulated Protective Order, any motion to seal records must comply with the procedures set forth in Local Rule 79-5 and must also comply with Federal Rule of Civil Procedure 26(c)(1), including that the moving party must make a good cause showing.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: June 9, 2011

~~THE HON. SANDRA BROWN~~ ARMSTRONG
~~JUDGE OF THE UNITED STATES DISTRICT COURT~~
Magistrate Judge Nandor J. Vadas

10255729.1 (OGLETREE)